IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TURQUOISE PROPERTIES GULF, INC., ) <br> an Alabama Corporation, and ) <br> U. S. BANK NATIONAL ASSOCIATION, ) <br> a national banking association, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> IBERIABANK, a Louisiana Bank, ) <br> ) <br>     Defendant. ) | CIVIL ACTION NO. 09-0272-KD-N |

## ORDER

This matter is before the court on IberiaBank's motion to dismiss and brief (docs. 6, 7), Turquoise Properties Gulf, Inc.'s (Turquoise) responsive brief (doc. 12), Turquoise and U.S. Bank National Association's (U.S. Bank) first amended complaint (doc.14), IberiaBank's reply to Turquoise's responsive brief (doc. 15), IberiaBank's motion to strike the first amended complaint (doc. 16), Turquoise and U.S. Bank's response to the motion to strike (doc. 19) and IberiaBank's motion for permission to file reply to the response to the motion to strike (doc. 23). Upon consideration, and for the reasons set forth herein, IberiaBank's motion to dismiss (doc. 6) is **DENIED** as moot, IberiaBank's motion to strike (doc. 16) is **DENIED,** and IberiaBank's motion for permission to file reply (doc. 23) is **MOOT**.

    <u>Motion to strike first amended complaint</u>

Under Rule 15(a) of the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." IberiaBank has served a motion to dismiss. However, in <u>Williams v. Board of Regents of University System of Georgia</u>, 477 F.3d 1282 (11th Cir. 2007), the Court of Appeals for the

Eleventh Circuit explained that a motion to dismiss is not a responsive pleading as contemplated in Rule 15(a).  The circuit court stated as follows:

> Federal Rule of Civil Procedure 15(a)[1] states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a).  For purposes of this Rule, a motion to dismiss is not a responsive pleading. Chilivis v. SEC, 673 F.2d 1205, 1209 (11th Cir.1982).

Id. at 1291.[2]  Thus, because IberiaBank has not filed a responsive pleading, the plaintiff may amend its complaint once as a matter of course.

IberiaBank argues that this Court should strike the first amended complaint because U.S. Bank should have filed a motion to intervene instead of joining the action as a plaintiff in the first amended complaint.  However, "when the plaintiff has the right to file an amended complaint as a matter of course, . . . the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." Williams, 477 F.3d at 1292 n.6.  Thus, even if the amendment to the complaint may be futile because U.S. Bank and Turquoise did not comply with the alleged applicable procedural rule, this Court is without discretion to strike the first amended complaint.

---

[1] The court in Williams applied the version of Rule 15(a) in effect at the time of the decision on February 9, 2007.  The Rule now provides that "[a] party may amend its pleading once as a matter of course:  (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."

[2] In Brewer-Giorgio, the court found that "[u]nder Federal Rule of Civil Procedure 15(a), a party has the right to amend a pleading without leave of the court so long as they do so before a responsive pleading is served.  For the purposes of this Rule, the term 'responsive pleading' does not include such filings as a motion to dismiss or a motion for summary judgment." Brewer-Giorgio, 216 F.3d at 1284 (citing Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir.1995)).

<u>Motion to dismiss</u>

Because the plaintiff has amended the complaint, the motion to dismiss is denied without prejudice as moot because it is directed to the original complaint which no longer is the operative pleading before the court.[3]  See <u>DeSisto College, Inc. v. Line</u>, 888 F.2d 755, 757-758 (11th Cir. 1989) (acknowledging the denial as moot of defendant's motion to dismiss the first amended complaint because the plaintiff filed a second amended complaint); <u>see</u> <u>also</u> <u>ATK Thiokol, Inc. v. U.S.</u>, 76 Fed. Cl. 654, 664 (Fed. Cl. 2007) (denying as moot the Government's motion to dismiss plaintiff's first amended complaint upon granting motion for leave to file second amended complaint).

**DONE** and **ORDERED** this 3rd day of August, 2009.

    <u>s / Kristi K DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] <u>Kaloe Shipping Co. Ltd. v. Goltens Service Co., Inc.</u>, 2009 WL 483787, 2 (11th Cir. February 27, 2009) (slip copy)  ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citing <u>Dresdner Bank AG v. M/V Olympia Voyager</u>, 463 F.3d 1210, 1215 (11th Cir.2006); <u>see</u> <u>Lowery v. Alabama Power Co.</u>,  483 F.3d 1184, 1219 -1220 (11th Cir. 2007) ("Under both Alabama and federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.") (citations omitted).